IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| Vickie L. Daniel, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-G-0432-J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Vickie L. Daniel, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards

were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process.  20 C.F.R. § 404.1520 (a)-(f).  The Commissioner must determine in sequence:

   (1)   whether the claimant is currently employed;
   (2)   whether she has a severe impairment;

  (3)  whether her impairment meets or equals one listed by the Secretary;

  (4)  whether the claimant can perform her past work; and

  (5)  whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

  In the instant case, the ALJ, Dan Grady, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." Foote, at 1559. When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids). Foote, at 1558-59. The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids. Foote, at 1559. In such cases "the [Commissioner] must seek expert vocational testimony. Foote, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN OR OTHER SUBJECTIVE SYMPTOMS

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...." McGregor, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony

5

must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

### THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY WHEN PAIN OR OTHER SUBJECTIVE SYMPTOMS ARE INVOLVED

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers within the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform his prior relevant work the burden shifts to the  Commissioner to establish that he can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.  This is so even if no other

hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if his subjective testimony is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit the plaintiff's pain testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if his pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id.

## DISCUSSION

In the present case the plaintiff testified at her first ALJ hearing that rheumatoid arthritis in her hands limited her ability to finger and handle things. She testified that her ability to turn her hand was limited by her rheumatoid arthritis and that her wrists "stay swollen." She testified this made it difficult for her to finger or handle things. Record 332. At her second hearing following remand from the Appeals Council the plaintiff testified that the more she used her hands me more pain and swelling she experienced. Record 322. The vocational expert testified at the plaintiff's first hearing that if she were limited to sedentary work with only occasional handling with her hands, there would not be a significant number of jobs she would be able to perform. Record 343. At the second hearing the vocational expert also testified that there would not be a significant number of sedentary jobs available if the plaintiff were limited to only occasional handling/fingering. Record 324. Therefore, unless the ALJ properly discredited the plaintiff's testimony that she had difficulty fingering and handling objects, she is disabled based upon the testimony of the vocational expert.

The ALJ gave the following reasons for rejecting the plaintiff subjective testimony:

> Medical evidence also shows that the claimant has a history of treatment for rheumatoid arthritis.... However, medical evidence of record indicates only mild RA problems in her hands. In June 2006, Dr. Turkiewiez reported that the claimant had difficulty with grip, but evidence showed her grip was reported at 3+/5, which would not be significantly limiting. Furthermore, Dr. Turkiewiez stated that the claimant was able to perform her activities of daily living without marked difficulty. Although the claimant has disagreed

8

> that her ability to perform her daily activities would not [sic] indicate the ability to sustain work activity for an 8 hour day, additional records have not supported significant limitations in the claimant [sic] functioning which would prevent her from sustaining work activity for an eight hour day.  In August 2006, improvement was noted with her grip strength.  Although worsening hand pain and swelling was reported in October 2006, it was noted she had missed her prednisone dosing over the past several days and additional evidence from Dr. Turkiewiez in November 2006 showed that the claimant was doing well.  Her hand showed only mild synovial fullness and warmth without tenderness at the second through fifth MCP joints.  There was no active synovitis in the remaining joints with improved grip strength noted at 4+/5.  Bilateral feet were without active synovitis in her remaining musculoskeletal exam was without synovitis (Exhibit 10F).
>
> In February 2007, the claimant reported to Dr. Turkiewiez that she had been doing quite well.  She reported that her [sic] and her husband were now caring part-time for one of their grandchildren.  Examination of her hands was without synovial fullness or warmth with only mild tenderness at the second and third MCP joints noted.  Bilateral feet were without metatarsalgia and the remaining musculoskeletal exam was without active synovitis.  Continuing evidence in July 2007 showed that the claimant reported improvement with her medications.  Although the claimant reported issues with prolonged pain in her feet and knees and difficulty with prolonged sitting, the medical evidence does not support the severity of limitations consistent with a finding of disability (Exhibits 10F and 14F).
>
> * * * *
>
> While the undersigned finds that the claimant's impairments could limit her ability to perform work activity, medical evidence has not documented a severity consistent with a finding of disability.  Furthermore, the claimant's daily activities, including the ability to care for her grandchild, are inconsistent with significant limitations in her functioning.

Record 18-19.

   Although the ALJ recognized that the plaintiff had met the Eleventh Circuit pain standard, he misapplied it by requiring objective evidence supporting the pain reported.  The ALJ's reliance on the plaintiff's ability to help care for her grandchild does

not provide substantial evidence to support a finding that her subjective testimony was not true. There was no evidence of the age of the child or the amount of effort required to take care of the child. Furthermore, the treatment note relied upon by the ALJ indicated that she and her husband together care for the child, and did so only on a part time basis. The ALJ improperly equated improvement in the plaintiff's condition with her being well and able to work. Just because the plaintiff's condition had improved does not mean that her testimony was not true or that she was able to work. Nor does the ability to perform activities of daily living without marked difficulty discredit the plaintiff's testimony to the effect that she would only be able to finger/handle occasionally.

Therefore, the ALJ has not properly discredited the plaintiff's subjective testimony on the 11th circuit pain standard and it must be accepted as true. Based upon that testimony the vocational expert testified that would be no jobs the plaintiff could perform if she were limited to only occasional fingering/handling.

In addition to the plaintiff's testimony, the record contains a form completed by Dr. Turkiewiez that indicated the plaintiff was unable to work due to rheumatoid arthritis and that she would continue to be unable to work for greater than six months. Record 249. The ALJ did not mention this statement from Dr. Turkiewiez in his decision. Under the law of this Circuit, if the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216. Dr. Turkiewiez's

statement, therefore, provides an additional ground for finding the ALJs decision was not supported by substantial evidence.

## CONCLUSION

The Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 22 October 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.